# McDonald *v.* Pittsburgh & Lake Erie R. R. Co., Appellant.

*Negligence — Railroads — Interstate commerce — Freight conductor—Make up of train—Continuity of run—Emergency stop—Unusual stop—Risk of employment.*

1. Where a freight conductor is assigned to a freight train whose destination is from a point in another state to a point in Pennsylvania, by a continuous run, he is engaged in interstate commerce, and it is immaterial that local freight cars may have been handled between stations, or that during part of the trip no freight was transported at all, or that, at the time of an accident to himself, all of the interstate cars had been dropped.

2. A freight conductor engaged in interstate commerce, may recover for injuries sustained by being thrown against the door of a caboose in which he was riding, due to an emergency stop, where it appears that the stop was unusually violent, and made so by the engineer's negligence in failing to remember the schedule time of trains at stations.

3. Such an accident was not an ordinary risk of employment which the conductor was required to assume.

Argued October 12, 1923.   Appeal, No. 131, Oct. T., 1923, by defendant, from judgment of C. P. Allegheny Co., April T., 1922, No. 617, on verdict for plaintiff, in case of Jacob McDonald v. Pittsburgh & Lake Erie Railroad Co.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SADLER and SCHAFFER, JJ.   Affirmed.

Trespass for personal injuries.   Before SHAFER, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $15,000.  Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment n. o. v. for defendant, quoting record.

*George D. Wick,* with him *Reed, Smith, Shaw & McClay,* for appellant.—Appellee was not engaged in interstate commerce at the time of the accident: New York Cent. & Hudson River R. R. v. Carr, 238 U. S. 261.

Both employees and railroad company must be engaged in interstate commerce: Shanks v. R. R., 239 U. S. 556; Illinois Cent. R. R. v. Behrens, 233 U. S. 473; Pedersen v. R. R., 229 U. S. 146.

The case of Louisville & N. R. Co. v. Strange's Adm'x., 161 S. W. R. 244, is a case exactly similar to the case at bar.

There was no evidence of negligence to take case to jury.

*J. Thomas Hoffman,* for appellee.—Appellee was engaged in interstate commerce at time of the accident: C., M. & St. P. v. U. S., 165 Fed. 425; Johnson v. R. R., 196 U. S. 1; Phila. & Reading R. R. v. Polk, 256 U. S. 332; Erie R. R. v. Winfield, 244 U. S. 172; Murray v. Ry., 263 Pa. 398; N. C. R. R. v. Zachary, 232 U. S. 248; Great Northern R. R. v. Otos, 239 U. S. 349; McNeil v. Director Gen., 272 Pa. 525.

There was evidence of negligence for the jury: C., R. I. & P. R. R. v. Ward, 252 U. S. 18; Illinois Cent. R. R. v. Behrens, 233 U. S. 473; Louisville, etc., R. R. v. Stewart, 241 U. S. 261.

OPINION BY MR. JUSTICE FRAZER, January 7, 1924:

Plaintiff, a freight conductor in defendant's employ, was injured by being thrown against the door of the caboose in which he was riding. The accident was due to an emergency stop of the train to avoid passing a passenger train, standing on an adjoining track at a station, receiving and discharging passengers. There are but two questions to be considered on this appeal, first, Was plaintiff, at the time he received the injury engaged in interstate commerce? and, second, Was the evidence of negligence on part of defendant sufficient to be submitted to the jury?

Plaintiff lived at Dickerson Run, Pennsylvania, and two days before the accident was ordered to take a train from that place to Youngstown, Ohio. He completed the trip at 2 p. m. the following day and was off duty until that evening, at which time he was assigned to return from Youngstown in charge of an extra train carrying interstate freight. As the rules of defendant company required, plaintiff "checked out" by signing its register showing the time of departure, the starting point and destination of his train, indicating a run from Youngstown, Ohio, to Dickerson Run, Pennsylvania. The train proceeded as far as Woodlawn, Pennsylvania, where the loaded cars were delivered, leaving only the engine and caboose. Orders were received at that station to attach to a number of empty cars, several to be distributed along the road at various points between Woodlawn and Dickerson Run and the remainder delivered at the latter station. The train had almost reached Smithton Station, a point within fifteen miles of its final destination, when the accident which caused plaintiff's injury occurred.

Under the foregoing facts it was correctly held by the court below that plaintiff was engaged in interstate commerce at the time he received the injury complained of. The run from Youngstown, Ohio, to Dickerson Run, Pennsylvania, was continuous. The mere fact that local freight cars may have been handled between stations, or that during part of the trip no freight was transported, did not change the purpose of the employment, which was to operate a train from a point in one state to a point in another state.

Under the facts here involved the nature of the employment does not depend upon the destination of a specially designated car, or the fact whether loaded or empty. Plaintiff might, at a particular moment, have been actually engaged in moving freight purely intrastate in character, without affecting his general employment in interstate commerce, which required his train to travel from one state to another and receive and transport both interstate and intrastate freight, or cars, along the way. "The true test of employment in such [interstate] commerce in the sense intended is, Was the employee, at the time of the injury, engaged in interstate transportation or in work so closely related to it as to be practically a part of it?": Sullivan v. B. & O. R. R., 272 Pa. 429, 432-3. Plaintiff became actually engaged in interstate commerce at the time he started from Youngstown and the mere fact that intrastate, as well as interstate, cars or freight were included in the train did not alter the character of the general service. Plaintiff's employment required him to travel the entire distance between terminal points and it is immaterial that his orders directed distribution of cars at different stations along the route, or that the destination of the original interstate shipment was reached before the accident occurred and at the time of the accident the cars making up the train were purely local. It was the course of the train from the beginning of the run to the end that

established the character of commerce in which it was at the time engaged.

The other question is whether evidence was offered from which the jury could find defendant chargeable with negligence. Plaintiff assumed the ordinary dangers incident to his employment, among which are jolts usually attendant upon the stopping or starting of a train of freight cars. In the present case we find evidence that the stop was unusually violent. Plaintiff testified it was the "hardest and most violent stop" he had ever experienced in working on trains and that it "stopped with a crash......and knocked me......right against the door frame of the caboose as though my neck was broken." This was evidence from which the jury might find negligence: Klein v. Ry., 252 Pa. 214, 217. The engineer admitted the stop was an unusual one, made necessary by the fact that he had overlooked the time of arrival of the passenger train at Smithton Station. The emergency that made the sudden and violent stop necessary was the engineer's failure to remember the schedule time of arriving passenger trains at stations. This was not an ordinary risk of employment plaintiff was required to assume: Louisville & Nashville R. R. v. Stewart, 241 U. S. 261; Chicago, R. I. & P. R. R. v. Ward, 252 U. S. 18.

The judgment is affirmed.