## Smith et ux. *v.* Pittsburgh Railways Company, Appellant.

Argued March 28, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*D. H. McConnell,* with him *J. R. McNary,* for appellant.—It was incumbent on plaintiff to prove there was some unusual and negligent operation of the car but there is nothing in the testimony that would warrant a

court in submitting the question to the jury: McClusky v. Traction Co., 105 Pa. Superior Ct. 275; Crawford v. T. & L. Co., 273 Pa. 74; Harkins v. Transit Co., 286 Pa. 465; Holutin v. Transit Co., 89 Pa. Superior Ct. 326; Zieger v. Transit Co., 84 Pa. Superior Ct. 541; Fornwalt v. Transit Co., 65 Pa. Superior Ct. 559; Iszard v. Transit Co., 100 Pa. Superior Ct. 240; Kleine v. Rys. Co., 252 Pa. 214; Rice v. Transit Co., 214 Pa. 147; Uffelman v. Transit Co., 253 Pa. 394; Bliss v. Transit Co., 73 Pa. Superior Ct. 173; Tilton v. Transit Co., 231 Pa. 63; Sanson v. Transit Co., 239 Pa. 505; Harrar v. Transit Co., 92 Pa. Superior Ct. 242.

*Ralph P. Tannehill,* for appellee, cited: Sanson v. Transit Co., 239 Pa. 505.

OPINION BY MR. JUSTICE DREW, April 9, 1934:

These appeals are from judgments entered for the plaintiffs in an action brought by Ella Smith and her husband to recover damages for personal injuries alleged to have been sustained by her while a passenger on one of defendant's street cars. Defendant assigns as error the refusal of its motion for judgment n. o. v.

Mrs. Smith testified that she was riding in one of defendant's one-man trolleys; that as the car approached her stop, going down grade, she signalled the motorman, and the car slowed down; that she then went to the front of the car, took hold of a strap with her right hand, and asked the motorman for checks, holding her money in her left hand; that the car suddenly "started to shoot forward faster" and then stopped; and that she was thrown backwards to the floor, suffering the injuries for which recovery was sought. She was the only witness who testified on her side as to how the accident happened. Defendant's witnesses, five of the passengers and the motorman, stated that there was nothing unusual or violent about the operation of the car.

The sole question presented for our consideration is this: did plaintiffs' evidence show negligent operation of the car by the motorman? We are bound to conclude that it did not. Where a passenger is alleged to have been injured while standing or walking in a trolley car, statements that the car "started violently" (Uffelman v. P. R. T. Co., 253 Pa. 394), "started with a violent jerk" (Harrar v. P. R. T. Co., 92 Pa. Superior Ct. 242), "started with a sudden, unusual, extraordinary jerk" (McClusky v. Shenango Val. Traction Co., 105 Pa. Superior Ct. 275), "stopped with a jerk" (Harkins v. P. R. T. Co., 286 Pa. 465), "came to a hard stop" (Holutin v. P. R. T. Co., 89 Pa. Superior Ct. 326), or "started up all of a sudden, with an awful jerk, and stopped all of a sudden" (Zieger v. P. R. T. Co., 84 Pa. Superior Ct. 541) are not of themselves sufficient to show negligent operation. They must be accompanied by evidence inherently establishing that the occurrence was of an unusual and extraordinary character, or by evidence of its effect on other passengers sufficient to show this: Harkins v. P. R. T. Co., supra; Zieger v. P. R. T. Co., supra; McClusky v. Shenango Val. Traction Co., supra.

In Crawford v. Reading T. & L. Co., 273 Pa. 74, plaintiff testified that as she started to leave the car she was suddenly, violently and unexpectedly thrown back full length on the floor. The entry of a nonsuit was held proper. In Harkins v. P. R. T. Co., supra, the evidence was that the passenger arose to pay her fare and handed the conductor a dollar, and that while she was waiting for her change the car stopped with a jerk and she was thrown and injured. We held that the trial judge acted properly in directing a verdict for defendant. These two cases rule the present one. It is true that in the instant case plaintiff testified on direct examination that a man sitting across from her was "jolted out of his seat," but on cross-examination she admitted that he "didn't leave his seat or go out of his seat," but was simply "jolted about." This goes no further than the statement in the

McClusky Case, supra, that "everybody in the car lurched," which was held insufficient to establish negligence on the part of the motorman, and properly so.

Plaintiffs rely upon Tilton v. P. R. T. Co., 231 Pa. 63, and Sanson v. P. R. T. Co., 239 Pa. 505. These cases, however, presented strong intrinsic evidence of the unusual character of the jolt or jerk. In the Tilton Case plaintiff was seated when the sudden stop occurred, and was thrown violently forward against the seat in front of him. This of itself was evidence of the unusual nature of the jerk; it is common knowledge that a passenger can be thrown out of his seat only by an unusual or extraordinary jerk, whereas it is not unusual for persons to lose their balance while standing or walking in a car if an ordinary or moderate jerk occurs. In the Sanson Case the jolt was so violent and unusual that plaintiff was thrown through the rear door, across the platform, and into the street. In Kleine v. Pgh. Rys. Co., 252 Pa. 214, and Bliss v. P. R. T. Co., 73 Pa. Superior Ct. 173, in which recoveries were also permitted, plaintiffs were likewise thrown out of the cars.

Judgments reversed and here entered for defendant.

Mr. Justice SIMPSON dissented.