## Endicott *v.* Philadelphia Rapid Transit Company, Appellant.

Argued January 15, 1935. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Layton M. Schoch* and *Bernard J. O'Connell,* for appellant.

*Colbert C. McClain,* of *McClain & McDevitt,* for appellee.

OPINION BY MR. JUSTICE DREW, February 4, 1935:

Plaintiff recovered judgment for damages for personal injuries sustained by her while a passenger on one of defendant's street cars. Defendant appealed, assigning as error the refusal of its motion for judgment n. o. v.

Testifying in her own behalf, plaintiff stated that she boarded defendant's trolley car, carrying an umbrella and a small bag containing groceries; that there were no empty seats; that after the car started another passenger offered her a place at the front end of the "long bench that [ran] lengthwise of the car" on the right-hand side; that she "took hold of the iron bar" in front of the seat and "sat down right away, and the car gave a terrible, terrific jolt" and stopped "very suddenly," and she fell to the platform, suffering the injuries for which she sought recovery. She testified further that as she fell she saw men in front of her "twirling around on the straps," and "people on the seats pushing forward against the others." Another witness stated that there was a "sudden and violent stop," a "jerk, sudden, very sudden," that the passengers who were seated "jostled up against each other," and that he "whirled around" on the strap to which he was holding. This was the whole of plaintiff's case. For the defendant, the motorman and conductor and four of the passengers testified that there was nothing unusual about the operation of the car.

Accepting as true plaintiff's evidence as to how the accident happened, we are required to determine whether it is sufficient to show that the car was operated in a negligent manner. In a long line of decisions, recently reviewed by us in Smith v. Pgh. Rys. Co., 314 Pa. 541, this court and the Superior Court have held that statements that a street car "started violently," "started with a violent jerk," "started with a sudden, unusual, extraordinary jerk," "stopped with a jerk," "came to a hard stop," "started up all of a sudden, with an awful jerk, and stopped all of a sudden," and the like, are not of themselves sufficient to show negligent operation of the car, but that there must be evidence inherently establishing that the occurrence was of an unusual and extraordinary character, or evidence of its effect on other passengers sufficient to show this. Is there such evidence here?

Plaintiff's testimony shows clearly that just as she sat down a stopping of the car caused her to topple over and fall upon her right side on the floor. Under the circumstances, it would not require much force to cause her to slip off the seat, because she was seated at the extreme end of the bench, and there was no arm or guard there to keep her in place. Even the "jostling" of other passengers against her could have done this. In Tilton v. P. R. T. Co., 231 Pa. 63, relied on by plaintiff, the passenger was sitting in a seat which faced forward, and was thrown violently against the seat in front of him. In the instant case plaintiff was at the front end of one of the side seats, facing across the car, with her right side, upon which she fell, toward the front of the car. In her situation an ordinary jolt or jerk, such as is incident to the usual operation of a street car, would be sufficient to topple her out of her seat, whereas the occurrence in the Tilton case could have been caused only by an extraordinary jolt or jerk. The fact that several passengers who were standing "whirled around" or "twirled around" on the straps cannot be said to be sufficient to show an extraordinary jolt or jerk of the car. A happening of this

kind is such a commonplace that it seldom attracts attention. Likewise, the testimony that the passengers on the side seats (and it is clear that those are the ones referred to) "pushed forward" or "jostled up" against each other does not show that the stop was of an unusual or extraordinary nature. As we said in Harkins v. P. R. T. Co., 286 Pa. 465, "Trolley cars often stop with a jerk under ordinary circumstances." In Smith v. Pgh. Rys. Co., supra, plaintiff testified that a passenger sitting across from her was "jolted about" in his seat, and in McClusky v. Shenango Val. Traction Co., 105 Pa. Superior Ct. 275, plaintiff stated that "everybody in the car lurched." In both instances it was held that such evidence was insufficient to establish negligence on the part of the motorman, and the testimony in the instant case goes no further.

The judgment of the court below is reversed, and judgment is here entered for defendant.

Mr. Justice SIMPSON dissented.