Hill, Appellant, *v.* West Penn Railways Company.

Argued October 28, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*John Duggan, Jr.,* with him *Harry W. Byrne,* for appellant.

*E. J. McDaniel,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, December 2, 1940:

Elizabeth Hill appeals from the refusal of the court below to take off a compulsory nonsuit entered in an action of trespass instituted by her against West Penn Railways Company, appellee, to recover for personal injuries which she claims to have sustained while a passenger in one of its trolley cars.

A woman 56 years of age, and weighing between 165 and 175 pounds, appellant testified that she boarded appellee's trolley car near her home in Everson, early in the morning of December 24, 1936, to ride the mile to her work in Scottdale, as she had been accustomed to do for many years; that after she had received her change from a bill presented in payment of the fare, she turned and, without supporting herself, as she admits, proceeded towards the rear of the car, which was then in motion, to where she always sat; that as she was thus "hurrying to get to a seat", because "the car was going fast", and after she had proceeded only a few feet, the car was stopped with a jerk described as "awful", "terrific" and "real hard"; and that as a result thereof she was thrown, or fell, backwards to the floor. It appears that, falling backwards, appellant grasped the metal hand-hold attached to the back-rest of the nearest seat, but the back of the seat, being of the usual reversible type found in trolley cars, slid toward her as she pulled her weight against it. When it came to rest, she was too far over-balanced to retain her hold and she fell to the floor, fracturing her hip. There were no other passengers on the car at the time and the only testimony in the case is that of the appellant herself.

We are bound to conclude, as did the court below, that appellant's proof did not measure up to the standard required to sustain a charge of negligence in cases of this character. As we said in the recent case of *Staller v. Philadelphia Rapid Transit Co.*, 339 Pa. 100, 103: "It is well established by a long line of decisions

that testimony indicating that a moving trolley jerked suddenly or violently is not sufficient, of itself, to establish negligence in its operation. There must be a showing of additional facts and circumstances from which it clearly appears that the movement of the car was so unusual and extraordinary as to be beyond a passenger's reasonable anticipation, and nothing short of evidence that the allegedly unusual movement had an extraordinarily disturbing effect upon other passengers, or evidence of an accident, the manner of the occurrence of which or the effect of which upon the injured person inherently establishes the unusual character of the jolt or jerk, will suffice." In applying the rule, this Court and the Superior Court have repeatedly held that, since it is not unusual for persons to lose their balance while standing or walking in a moving trolley car if an ordinary or moderate jerk occurs, such as is necessarily incidental to the ordinary and customary operation of such cars, a fall occasioned under circumstances like those here presented is not so violent and unusual in character as to permit a jury to predicate on it alone a finding that the jerk was extraordinary and unusual and therefore the result of negligent operation. See *Harkins v. P. R. T. Co.,* 286 Pa. 465; *Smith v. Pittsburgh Railways Co.,* 314 Pa. 541; *Staller v. P. R. T. Co.,* supra; *Zeiger v. P. R. T. Co.,* 84 Pa. Superior Ct. 541; *Iszard v. P. R. T. Co.,* 100 Pa. Superior Ct. 240; *McClusky v. Shenango Val. Trac. Co.,* 105 Pa. Superior Ct. 275.

Here, as in the Staller case, appellant's evidence as to the manner in which the accident occurred and its effect upon her is entirely consistent with, and indicates nothing more than, a mere loss of equilibrium and a fall as a result thereof; the decision in that case is, therefore, controlling here.

That appellant was unable to retain her grip on the handhold, grasped in an unsuccessful attempt to regain her balance, is clearly not such an additional circum-

stance as would permit of an inference that the jerk was extraordinary or unusual in character. The court below appropriately states: "It is obvious that [appellant] was in a position to be easily overbalanced by any change in the motion of the car, and that as she toppled over, drawing the back of the seat toward her, the weight and twist of her body in falling would be sufficient to break her hold." Nor, is appellant's case strengthened to any extent by reason of the fact that the trolley was started before she was seated. As stated in *Picard v. Ridge Avenue Ry. Co.*, 147 Pa. 195, 196: "We would seriously inconvenience the traveling public were we to hold that the car should come to a dead stop until every passenger who gets on is seated." See also *Harrar v. P. R. T. Co.*, 92 Pa. Superior Ct. 242, where the following appears, at 244: "We have found no case in either of our appellate courts holding that it is negligence to start a car before the passenger who gets on is seated. . . . The general rule seems to be that it is not negligence for a conductor to give the starting signal after the passenger is fully and fairly upon the car. Plaintiff said she was standing on the platform of the car and that the door she had entered had been closed. The starting of the car at that time was not evidence of negligence."

Judgment affirmed.