## Monahan et vir. *v.* Pittsburgh Railways Company, Appellant.

Argued May 5, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Arthur W. Henderson,* with him *J. R. McNary,* for appellant.

*Robert H. Braun, Jr.,* with him *Daniel S. Newman,* for appellees.

OPINION BY KENWORTHEY, J., July 23, 1942:

Wife-plaintiff entered one of defendant's street cars which started with a "sudden jolt" while she was standing still reaching for an upright pole. She was thrown on the floor, striking her back at the base of her spine, as a result of which she sustained a compression fracture of two vertebrae. There was no evidence of the effect of the action of the car on other passengers except that they became "excited" and two or three of them "bent over." On the facts thus far stated, plaintiffs were not entitled to go to the jury. (See *Coyle v. Pittsburgh Railways Company,* 149 Pa. Superior Ct. 281, 27 A. (2d) 533.

They contend the testimony of the attending physician that the injury "must have been [caused by] a most terrific force" was evidence that the accident was "inherently unusual," and therefore sufficient to enable the jury to find negligence on the part of the motorman. A similar contention was made in *Hawkins et al. v. Pittsburgh Railways Co.,* 146 Pa. Superior Ct. 185, 188, 22 A. (2d) 73. What we there said is controlling

here: "The physician's statement about the amount of force necessary to cause a displaced knee cap, in our opinion, is of no help in determining the suddenness or speed of the start of the car. There are so many other factors involved that it is of no probative value whatever."

Judgments are reversed and entered for defendant.