## Hufnagel *v.* Pittsburgh Railways Company, etc., Appellant.

Argued October 2, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON, and PARKER, JJ.

*James R. Orr,* with him *J. R. McNary,* for appellant.

*Robert B. Ivory,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 23, 1942:

This was an action in trespass for injuries allegedly resulting from negligence in the operation of a street railway car.

Ethel I. Hufnagle, the plaintiff, testified that she boarded a street car of Pittsburgh Railways Company, entering at a door in the center of the car; that as she was walking towards the rear of the car to find a seat it started with a "very violent lurch"; that the lurch was "the most violent" she had ever encountered in riding street cars; and that she fell or was thrown to the floor of the car, sustaining injuries. At the time Miss Hufnagel was carrying an umbrella, a pocketbook, a package of mail in a large envelope, and a book. She admitted she did not take hold of any support as she proceeded towards the rear of the car, although she testified she had one arm free. Another witness, one Thompson, testified that the car "started with a lurch, kind of a jump"; that the lurch was "more severe" than usual; and stated it "jerked me back on the seat." Trube, the only other witness, testified the car "started off with a jerk"; that it was "one of the most violent jerks I have experienced in a street car"; that "there seemed to be a little confusion, people slipping about in their seats"; and that the jerk knocked a package off his lap.

At the close of plaintiff's case, the whole of which is as above stated, the Railways Company moved for binding instructions on the ground that the evidence was not sufficient in law to sustain a charge of negligent operation. Binding instructions were refused and the jury returned a verdict against the company in the sum of $4500. The Railways Company then filed a motion for judgment n. o. v., which was likewise refused, and judg-

ment was entered against the company, in the amount of the verdict, from which it appeals.

"In a long line of decisions, reviewed by us in *Smith v. Pittsburgh Rys. Co.*, 314 Pa. 541, this Court and the Superior Court have held that statements that a street car 'started violently,' 'started with a violent jerk,' 'started with a sudden, unusual, extraordinary jerk,' 'stopped with a jerk,' 'came to a hard stop,' 'started up all of a sudden, with an awful jerk, and stopped all of a sudden,' and the like, are not of themselves sufficient to show negligent operation of the car, but there must be evidence inherently establishing that the occurrence was of an unusual and extraordinary character, or evidence of its effect on other passengers sufficient to show this": *Endicott v. Phila. R. T. Co.*, 318 Pa. 12, 14. Or, as expressed more recently in *Staller v. Phila. R. T. Co.*, 339 Pa. 100, 103-04: "It is well established by a long line of decisions that testimony indicating that a moving trolley car jerked suddenly or violently is not sufficient, of itself, to establish negligence in its operation. There must be a showing of additional facts and circumstances from which it clearly appears that the movement of the car was so unusual and extraordinary as to be beyond a passenger's reasonable anticipation, and nothing short of evidence that the allegedly unusual movement had an extraordinarily disturbing effect upon other passengers, or evidence of an accident the manner of the occurrence of which or the effect of which upon the injured person inherently establishes the unusual character of the jolt or jerk will suffice." See also *Hill v. West Penn Rys. Co.*, 340 Pa. 297, 298.

Far from showing an occurrence that could have been caused only by an extraordinary jolt or jerk, appellee's evidence as to the happening of the accident and its effect upon her is entirely consistent with a mere loss of equilibrium brought about by a movement of the car of the type she was bound to anticipate and guard against. Encumbered with packages and walking unsupported in the car, she was obviously in a position to be toppled over

by an ordinary jerk such as is incident to the usual operation of trolley cars, and her fall, occasioned under these circumstances, was not so unusual or violent as to permit a jury to predicate thereon a finding that the jerk was the result of negligent operation. "It is common knowledge that a passenger can be thrown out of his seat only by an unusual or extraordinary jerk, whereas it is not unusual for persons to lose their balance while standing or walking in a car if an ordinary or moderate jerk occurs": *Smith v. Pittsburgh Rys. Co.*, supra, 544. See also *Endicott v. Phila. R. T. Co.*, supra; *McClusky v. Shenango Val. Traction Co.*, 105 Pa. Superior Ct. 275. Nor is the deficiency in appellee's evidence supplied to any extent by the testimony of the witness Thompson that the jolt "jerked me back on the seat" or that of Trube that he observed "people slipping about in their seats." In *Smith v. Pittsburgh Rys. Co.*, supra, it was held a statement that other passengers were "jolted about" did not constitute evidence of negligent operation, and a like conclusion was reached in *McClusky v. Shenango Val. Traction Co.*, supra, where it was testified "everybody in the car lurched." Similarly inconclusive is the testimony that the start knocked a package off the witness Thompson's lap, since it may have been so balanced that the slightest movement would have caused it to fall. To permit of an inference that the jerk or jolt was excessive, based upon the effect on other passengers, it must clearly be shown not only that they were affected by the movement, but to a greater extent than is usual, and this appellee's evidence obviously fails to do.

Viewed in its most favorable light, the evidence clearly falls short of the standard required to establish negligence in cases of this character; and the conclusion of the court below to the contrary antagonizes all our cases on the subject. We might add that no authority is cited as supporting the view of the court below, either in its opinion or in the paper book of the appellee,

and no attempt has been made to distinguish *Endicott v. Phila. R. T.* or *McClusky v. Shenango Val. Traction Co.*, both cited supra, which cases we deem absolutely controlling here.

The judgment is reversed and judgment is here entered for appellant, Pittsburgh Railways Company.