Mervine (et ux., Appellant) *v.* Aronomink Transportation Company.

Argued December 1, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

476

*Harry C. Liebman,* for appellant.

*Thomas E. Comber, Jr.,* with him *Pepper, Bodine, Stokes & Schoch,* for appellee.

Opinion by Mr. Justice Drew, January 3, 1944:

Appellant boarded a bus of appellee, followed by her nineteen year old son and another man. There was one passenger in the bus. She had walked half the length of the bus toward a seat when it started and she was thrown to the floor and injured. She testified: "Well, the bus when it started, after everyone was on, gave such a jerk you could not hold your feet, and just like a ton of bricks hit you"; and again: "At first I was just thrown slightly forward, then about three or four feet back." Her son, the only witness in her support, testified as follows: "After I paid the fares I proceeded towards the rear of the bus, and I got about the fourth seat when I felt a terrific jerk : . . which threw me forward and backward, and I grabbed the supporting pole." There is nothing to indicate the other passengers were disturbed. There is no intrinsic evidence to show any movement of the bus which a passenger should not have expected and could have guarded against.

The law of this case is precisely stated in the leading case of *Smith v. Pittsburgh Rys. Co.,* 314 Pa. 541, 171 A. 879; quoted and followed in our latest cases, *Staller v. Phila. R. T. Co.,* 339 Pa. 100, 14 A. 2d 289, and *Hufnagel v. Pittsburgh Rwys. Co.,* 345 Pa. 566, 29 A. 2d 4; and

by the learned Superior Court, in *Coyle v. Pgh. Rwys. Co.*, 149 Pa. Superior Ct. 281, 27 A. 2d 533. These cases rule the instant case and prevent a recovery. A passenger, walking or standing in a moving conveyance, or one that is about to start, must exercise ordinary foresight and common knowledge, and recognize the inherent danger of loss of equilibrium, and guard against that possibility and its consequences. It is only for unusual and extraordinary occurrences, such as could not reasonably be anticipated and prevented, that recovery is allowed in cases of this kind.

The motion to take off the non-suit was properly denied.

Judgment affirmed.