Tucker et vir *v.* Pittsburgh Railways Company, Appellant.

Argued March 23, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Daniel H. McConnell,* with him *J. R. McNary,* for appellant.

*Coleman Harrison,* for appellees.

OPINION BY MR. JUSTICE LINN, May 25, 1944:

Defendant appeals from judgments in favor of husband and wife for injuries sustained by the wife while a passenger in its street car.

Mrs. Tucker was a passenger in a street car which made a left turn in passing from Brighton Road to California Avenue at the right angle intersection of those two streets in the City of Pittsburgh. She testified that for several years and about the same time every day she had travelled on one of defendant's cars over this route and was therefore familiar with the operation of the cars. Brighton Road contains double tracks which merge into one track for the purpose, we may assume, of making the curve into California Avenue. There is testimony that the usual rate of speed in passing from the double track to the single track and on the curve into California Avenue was five miles an hour but that on the day of the accident the car moved at twenty to twenty-five miles an hour and came to a stop on the curve, or, as the witness said, ". . . and right when it got to that corner, it stopped very suddenly." This operation was unusual and, according to plaintiff's evidence, very different from the normal operation. The

result was that plaintiff, who was required to stand in the aisle with other passengers, lost her hold by which she had been supporting herself and was thrown against an upright bar and injured. She testified that as the car made the curve ". . . . on to the single track I practically lost my balance there due to the speed of the car, then the sudden stop of it was what threw me."

The appellant relies on *Hill v. West Penn Rys. Co.,* 340 Pa. 297, 16 A. 2d 527, as requiring the entry of judgment n. o. v. on the ground that this accident occurred in the ordinary operation of the car, that plaintiff should have anticipated and guarded against losing her equilibrium as the car made the curve.

If the facts were as appellant suggests, it would be entitled to judgment. But they are not the facts; plaintiff produced evidence from which a jury might (and apparently did) find negligent operation in the abnormal acceleration of speed in approaching, rounding and stopping on the curve; the passenger could not reasonably be expected to anticipate such unusual or extraordinary conduct. Defendant put in no denial of plaintiffs' evidence. The case is within the second part of the rule quoted by Mr. Justice PATTERSON in the opinion in *Hill v. West Penn Railways Co.,* 340 Pa. 297, 298-299, 16 A. 2d 527: " 'It is well established by a long line of decisions that testimony indicating that a moving trolley jerked suddenly or violently is not sufficient, of itself, to establish negligence in its operation. There must be a showing of additional facts and circumstances from which it clearly appears that the movement of the car was so unusual and extraordinary as to be beyond a passenger's reasonable anticipation, and nothing short of evidence that the allegedly unusual movement had an extraordinarily disturbing effect upon other passengers, or evidence of an accident, the manner of the occurrence of which or the effect of which upon the injured person inherently establishes the unusual character of the jolt or jerk, will suffice.' "

The passenger was not required to anticipate that the motorman would attempt to make the curve at five times the usual speed and would then make the sudden and unusual stop described in the evidence. The negligent operation of the car distinguishes the case from the line of cases on which the appellant relies.

The judgments are affirmed.

Mr. Justice DREW dissents.