## Herholtz et vir, Appellants, *v.* West Penn Railways Company.

502

Argued May 24, 1949. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*D. J. Snyder, Jr.,* with him *Kunkle & Trescher,* for appellants.

*Robert W. Smith,* with him *Smith, Best & Horn,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 24, 1949:

These are appeals in an action in trespass by a husband and wife, plaintiffs, against a street car corporation, defendant, from the refusal to take off a compulsory nonsuit entered against them. The negligence charged was in defendant's operation of its street car in starting the car with an extraordinarily violent jar or jolt from the car's standing position and injuring the wife plaintiff who was a passenger.

Considering the testimony in the light most favorable to plaintiffs, the facts are as follows:

Catherine Herholtz, with her husband, boarded a street car of the defendant company which was being operated in a westerly direction on Clay Avenue, in the City of Jeannette. At the situs of the accident, the street runs down hill with a grade of approximately eight and one-tenth per cent. The car was crowded and plaintiffs were required to stand on the front platform. The wife had a package under one arm and a purse under the other. She took hold of a rod on the side of the door leading from the front platform into the body of the car and lifted her left foot against a step leading from the level of the platform up to the level of the body of the car in order to support herself. She testified: "the street car started out with a very *sudden jerk* which caused other people to lose their balance against me and their fall caused me to fall over there". (emphasis supplied) She testified that the other persons in the car were not jolted off their feet but fell against her causing her to sit down on a corrugated steel strip, about two and one-half inches wide, which was at the top of the step leading from the platform into the car. This, she alleges, caused her injuries for which she seeks recovery in damages. The husband testified that he was facing the motorman and did not see his wife fall but that the motorman "threw the brake off and put the power on with a sudden jerk and threw the people back against me, and that threw my wife down."

In *Staller et al. v. Philadelphia Rapid Transit Company,* 339 Pa. 100, 14 A. 2d 289, Mr. Justice PATTERSON said, p. 103: "It is well established by a long line of decisions that testimony indicating that a moving trolley car jerked suddenly or violently is not sufficient, of itself, to establish negligence in its operation. There must be a showing of additional facts and circumstances

from which it clearly appears that the movement of the car was so unusual and extraordinary as to be beyond a passenger's reasonable anticipation, and nothing short of evidence that the allegedly unusual movement had an extraordinarily disturbing effect upon other passengers, or evidence of an accident, the manner of the occurrence of which or the effect of which upon the injured person inherently establishes the unusual character of the jolt or jerk, will suffice." (citing cases) This principle has been restated in *Hill v. West Penn Railways Company*, 340 Pa. 297, 298, 16 A. 2d 527; *Hufnagel v. Pittsburgh Railways Company, etc.*, 345 Pa. 566, 568, 29 A. 2d 4; *Tucker et vir v. Pittsburgh Railways Company*, 349 Pa. 613, 615, 37 A. 2d 547.

There were no additional or unusual circumstances from which a jury could determine that the street car was negligently operated. As above stated, the wife plaintiff was standing in the car with both arms burdened with a package and a purse, grasping the railing and attempting to brace herself with her foot. In such a situation the slightest jolt or jerk of the car could cause her to lose her balance and fall. As was said in *Coyle v. Pittsburgh Railways Company*, 149 Pa. Superior Ct. 281, 283, 27 A. 2d 533: "Every rider knows that to keep one's feet in a moving street car, whether it be stopping, starting, going around a curve or traversing a not quite straight portion of track, requires alertness and a certain regard for balance." The wife testified that no other passenger was jolted off his feet. We said in *Hufnagel v. Pittsburgh Railways Company, etc.*, supra, p. 569: "To permit of an inference that the jerk or jolt was excessive, based upon the effect on other passengers, it must clearly be shown not only that they were affected by the movement, but to a greater extent than is usual. . . ." The evidence produced by the plaintiffs below does not show that the jerk of the car

produced a greater effect on the passengers of the car, taken collectively, than is usual under the circumstances.

Statements such as the street car "started up all of a sudden, with an awful jerk . . ." are not of themselves sufficient to show negligent operation. *Zieger v. Philadelphia Rapid Transit Company*, 84 Pa. Superior Ct. 541, cited with approval by this Court in *Smith et ux. v. Pittsburgh Railways Company*, 314 Pa. 541, 543, 171 A. 879. See also: *Hufnagel v. Pittsburgh Railways Company, etc.*, supra; *Mervine v. Aronomink Transportation Company*, 348 Pa. 475, 35 A. 2d 255; *Coyle v. Pittsburgh Railways Company*, 149 Pa. Superior Ct. 281, 27 A. 2d 533; *Monahan et vir v. Pittsburgh Railways Company*, 149 Pa. Superior Ct. 283, 27 A. 2d 534. All that the testimony established was that the jerk of the car caused passengers to fall *against* the wife. There was nothing unusual or extraordinary in this. The plaintiffs only were able to show that the street car jolted or jerked when it started and the wife fell. This is not sufficient evidence to charge defendant with negligent operation of its street car.

Judgment affirmed.