# Watson *v.* Pittsburgh Railways Company, Appellant.

Argued April 12, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

474

*Con F. McGregor,* for appellant.

*Lee L. Leonard,* for appellees.

Opinion by Watkins, J., June 11, 1957:

This case involved an action of trespass brought by Marie Watson and her husband for injuries sustained by the wife, while a passenger on one of defendant's street cars. The defendant has appealed from a refusal by the lower court of its motion for judgment non obstante veredicto. The plaintiff was travelling with her three year old granddaughter, on defendant's street car, on August 6, 1952. The plaintiff had travelled this way many times and was familiar with the route of the car. She and her granddaughter were seated on the right-hand lengthwise seat in the front of the car. The car was travelling along a straightaway, on a downward grade, into a right-hand curve. The plaintiff testified that the car was travelling 25 to 35 miles per hour. Because of the speed, she had braced herself in her seat and braced her feet on the floor and extended her arm across her grandchild to protect her. As the car rounded the curve she was thrown out of her seat and unto the floor sustaining injuries. A woman passenger, sitting next to her, was thrown forward out of her seat and prevented herself from falling by grasping a vertical pole.

The general rule involving sudden movement in trolley cases is now established in a long line of cases. In *Hill v. West Penn Railways Co.,* 340 Pa. 297, 298, 16 A. 2d 527 (1940) the Court said, "We are bound to conclude, as did the court below, that appellant's proof did not measure up to the standard required to sustain

a charge of negligence in cases of this character. As we said in the recent case of Staller v. Philadelphia Rapid Transit Co., 339 Pa. 100, 103: 'It is well established by a long line of decisions that testimony indicating that a moving trolley jerked suddenly or violently is not sufficient, of itself, to establish negligence in its operation. There must be a showing of additional facts and circumstances from which it clearly appears that the movement of the car was so unusual and extraordinary as to be beyond a passenger's reasonable anticipation, and nothing short of evidence that the allegedly unusual movement had an extraordinarily disturbing effect upon other passengers, or evidence of an accident, the manner of the occurrence of which or the effect of which upon the injured person inherently establishes the unusual character of the jolt or jerk, will suffice'. In applying the rule, this Court and the Superior Court have repeatedly held that, since it is not unusual for persons to lose their balance while standing or walking in a moving trolley car if an ordinary or moderate jerk occurs, such as is necessarily incidental to the ordinary and customary operation of such cars, a fall occasioned under circumstances like those here presented is not so violent and unusual in character as to permit a jury to predicate on it alone a finding that the jerk was extraordinary and unusual and therefore the result of negligent operation. See Harkins v. P. R. T. Co., 286 Pa. 465; Smith v. Pittsburgh Railways Co., 314 Pa. 541; Staller v. P. R. T. Co., supra; Zeiger v. P. R. T. Co., 84 Pa. Superior Ct. 541; Iszard v. P.R.T. Co., 100 Pa. Superior Ct. 240; McClusky v. Shenango Val. Trac. Co., 105 Pa. Superior Ct. 275."

The reason for the proof of "unusual and extraordinary" movement of a street car, "not reasonably to be anticipated" and requiring proof of extraordinary ad-

verse effect on other passengers is well stated by Judge KENWORTHEY in *Coyle v. Pittsburgh Railways Company, etc.,* 149 Pa. Superior Ct. 281, 283, 27 A. 2d 533 (1942) where he said, "Every rider knows that to keep one's feet in a moving street car, whether it be stopping, starting, going around a curve or traversing a not quite straight portion of track, requires alertness and a certain regard for balance. And if every person thrown and injured in a street car could recover damages on proof merely that he was 'violently' thrown, the resulting burden on the carrier would be unbearable. See Smith v. Pittsburgh Railways Co., 314 Pa. 541, 171 A. 879."

In *Smith v. Pittsburgh Rys. Co.,* 314 Pa. 541, 171 A. 2d 879 (1934), where recovery was denied a standing passenger the Court said, at page 544, "Plaintiffs rely upon Tilton v. P. R. T. Co., 231 Pa. 63, and Sanson v. P. R. T. Co., 239 Pa. 505. These cases, however, presented strong intrinsic evidence of the unusual character of the jolt or jerk. In the Tilton case plaintiff was seated when the sudden stop occurred, and was thrown violently forward against the seat in front of him. This of itself was evidence of the unusual nature of the jerk; it is common knowledge that a passenger can be thrown out of his seat only by an unusual or extraordinary jerk, whereas it is not unusual for persons to lose their balance while standing or walking in a car if an ordinary or moderate jerk occurs."

We believe that the instant case falls within the exception to the general rule in that there is an extraordinary jerk, plus proof of the effect of the jerk on other passengers, plus evidence of speed, raising a question for the jury whether due care was used under the circumstances.

In *Tucker v. Pittsburgh Rwys. Co.,* 349 Pa. 613, 37 A. 2d 547 (1944), affirming the Superior Court,

153 Pa. Superior Ct. 63, 33 A. 2d 441 (1943), where the plaintiff was standing in a crowded car and was supporting herself by holding on to cross-seats, lost her hold while the car was crossing switch tracks and was thrown against an upright bar, sustaining injuries for which she was permitted to recover. She testified to excessive speed under the circumstances and the sudden jolting motion as the car reached the curve, which threw other passengers about in the car. The Superior Court held that the case fell within the second part of the rule quoted by Mr. Justice PATTERSON in *Hill v. West Penn Railways Co.,* supra. The Supreme Court said, at page 615, "The appellant relies on Hill v. West Penn Rys. Co., 340 Pa. 297, 16 A. 2d 527, as requiring the entry of judgment n.o.v. on the ground that this accident occurred in the ordinary operation of the car, that plaintiff should have anticipated and guarded against losing her equilibrium as the car made the curve.

"If the facts were as appellant suggests, it would be entitled to judgment. But they are not the facts; plaintiff produced evidence from which a jury might (and apparently did) find negligent operation in the abnormal acceleration of speed in approaching, rounding and stopping on the curve; the passenger could not reasonably be expected to anticipate such unusual or extraordinary conduct."

This case is stronger than the *Tucker* case. Here unlike the standing passenger in the *Tucker* case, Marie Watson was seated and braced, anticipated trouble and despite all her safeguards was thrown onto the floor of the car by what must have been and what the jury could have found was an extraordinary jerk, jolt or lurch as the car entered the curve. This same experience happened to at least one other passenger who was saved from falling to the floor only by the fortuitous

circumstance that a vertical bar was available to be grasped. In addition to all this there is the uncontradicted testimony of the speed of the car from which, together with all the other circumstances a jury might infer negligence.

As the lower court said, "The testimony of these two women that they were seated in the car and braced themselves to hold their places but nevertheless were dislodged therefrom is, in our opinion, sufficient basis for an inference that the car was operated on the curve at an excessive rate of speed causing the car to violently lurch. If this is not sufficient, it would be difficult to conjecture what sort of a lurch or jolt would suffice."

We believe that the plaintiff has met the burden encumbent upon her of proving that the operation of the car was so unusual as to warrant the inference of negligence. Her case does not rest solely on the lurch, its effect on her and fellow passengers, with the inference of negligence to be drawn therefrom. The plaintiff, in addition to the above, did produce evidence of the speed of the car which was uncontradicted and the question of whether a speed of 25 to 35 miles per hour downgrade into a right-hand curve was inconsistent with the exercise of due care under the circumstances on the part of the operator was clearly a jury question.

Judgments affirmed.