Cocivera, Appellant, *v.* Philadelphia Transportation Company.

Argued March 17, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Pershing N. Calabro,* for appellant.

*Albert R. Subers,* for appellee.

OPINION BY GUNTHER, J., June 10, 1959:

On August 26, 1957, Josephine Cocivera was a passenger on a bus of the Philadelphia Transportation Company proceeding on Chestnut Street between 15th and 16th Streets in the City of Philadelphia. She was seated on the first lengthwise seat on the right side as it proceeded eastbound on Chestnut Street when, at or about 4:15 P.M., as the bus reached a point between 15th and 16th Streets, it suddenly pulled out of line to the left and made a quick stop causing appellant to strike her face and shoulders on a stanchion. An action in trespass was instituted, for the personal injuries received by her, against Philadelphia Transportation Company and the case was tried before a jury. During the course of the trial, appellant attempted to introduce an alleged statement of the bus driver made some ten or eleven blocks from the scene of the occurrence to the effect that there was another car involved in some way, and that she should see a doctor. This offer was refused by the court. Appellant did not fall from her seat when the sudden stop was made, and

she testified that nothing happened to the people seated to her left or to anyone anywhere in the bus. At the completion of appellant's case, the trial judge entered a compulsory nonsuit which the court below refused to remove. From this action, this appeal was taken.

Appellant urges that error was committed by the court below in refusing to permit her to testify as to alleged statements made by the bus driver and certain passengers in the bus. It is contended that the alleged statement of the bus driver was a part of the res gestae and an exception to the hearsay rule and should have been permitted. However, no foundation was laid for the introduction of the bus driver's statement. It was not shown that the declaration was spontaneous, that it was made in connection with a startling event, that the driver was laboring under the stress of nervous excitement, and that it was made so near the occurrence both as to time and place as to qualify the statement under the res gestae rule. As defined by the Supreme Court in *Allen v. Mack,* 345 Pa. 407, 28 A. 2d 783: "A spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person has just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties. In a res gestae declaration the exciting event speaks through the impulsive words of a participant or onlooker." The bus driver was unhurt and there is nothing to indicate that he was in a state of physical or mental shock. There is nothing to show that the statement was impulsive. The alleged conversation with the driver took place some ten blocks

from the place where appellant said she was injured. During this time, the bus traveled over eleven busy intersecting streets in rush hour traffic, and the driver permitted the boarding and discharge of passengers.

While it is true that each case must depend upon its own circumstances, and that no fixed measure of time or distance from the occurrence can be established as a rule in determining what shall and what shall not be a part of the res gestae, time must be related in close proximity with the occurrence so as to qualify the declaration as reasonably immediate and not one of considered reflection. See *Haas v. Kasnot,* 371 Pa. 580, 92 A. 2d 171. Under the circumstances involved here, we believe the court below committed no error in excluding the statements as not forming a part of the res gestae.

Appellant also urges that the compulsory nonsuit should not have been granted, because her testimony was sufficient to take the case to the jury or at least require the defendant to offer testimony. This, of course, is true only if the testimony produced shows negligence on the part of the defendant in its operating the bus. The testimony considered in the light most favorable to appellant, as we must in this appeal, clearly established that, as a result of the sudden stop, she did not fall to the floor nor did anyone else in the bus. Although there was a man and woman sitting to her left, they were not pushed against her. The evidence further disclosed that no one was seated to her right. Nothing happened to anyone else in the bus. The only facts which her testimony disclosed were to the effect that the bus driver made a quick turn to the left out of his line of traffic; that he made a quick stop; that there was a big noise as if somebody shot something but that it was a machine that made the loud noise, and that people were screaming.

If there be any basis of liability on the defendant company, this liability had to be predicated on the sudden stopping and jerking of the bus. However, as stated by Judge WOODSIDE in *Miller v. Pittsburgh Railways Company*, 187 Pa. Superior Ct. 334, 144 A. 2d 514: "The law in regard to the negligence of a street railways company (here a bus) for sudden jerks or lurches of street cars has been well established in Pennsylvania by a long line of decisions. Testimony indicating that a moving trolley car jerked suddenly or violently is not sufficient, of itself, to establish negligence in its operation. 'There must be a showing of additional facts and circumstances from which it clearly appears that the movement of the car was so unusual and extraordinary as to be beyond the passenger's reasonable anticipation, and nothing short of evidence that the allegedly unusual movement had an extraordinarily disturbing effect upon the passengers, . . . will suffice.'" In *Schilling v. Pittsburgh Railways Company*, 394 Pa. 126, 145 A. 2d 688, the Supreme Court said: "The fact that it might be inferred from appellants' testimony that the trolley car struck or was hit by some object outside of the vehicle does not warrant a presumption of improper operation on the part of the motorman. In cases such as the present case, where appellants are relying on the 'sudden stop' doctrine, the unusual or extraordinary character of the stop must be shown before the transit company is required to produce a reasonable and satisfactory explanation for the actions of the operator."

In *Cook v. Philadelphia Rapid Transit Co.*, 120 Pa. Superior Ct. 565, 182 A. 755, we pointed out that in the busy streets of a city where the automobile traffic is heavy, passengers must realize that contingencies may arise requiring a motorman to apply the brakes quickly to stop his car to avert possible injury to the passengers or those using the highway.

Appellant relies heavily on the case of *Miller v. Pittsburgh Railways Company*, supra, for her position. However, in that case it was shown that the jolt was so severe that another passenger in the streetcar was thrown from her feet and landed across the lengthwise seat with her feet off the floor. The case of *McDonald v. Pittsburgh & Lake Erie R. R. Co.*, 279 Pa. 26, 123 A. 591, is also clearly distinguishable. There the engineer admitted that the stop was unusual and made necessary because he overlooked the time of arrival of a passenger train at the station. The court concluded that this was the evidence from which the jury might find negligence. We have examined the other cases relied upon by appellant and find them readily distinguishable from the instant case.

We conclude that appellant's testimony was not sufficient to go to the jury and the defendant was not required to offer any testimony simply because, as a matter of law, no negligence was shown to exist. The nonsuit was properly entered.

Order affirmed.

---

CONCURRING OPINION BY WRIGHT, J.:

Although this is a close case, I concur in the result. The instant factual situation differs from that in *Angelo v. Pittsburgh Railways Co.*, 189 Pa. Superior Ct. 574, 151 A. 2d 867, in which we are filing an opinion this same day. In the *Angelo* case it was conceded that the bus had made a violent and unusual stop, affecting not only the plaintiff but other passengers as well. We held that the evidence was sufficient to raise a presumption of negligence. In the case at bar, however, the record does not disclose that the movement of the bus was so unusual and extraordinary

as to be beyond reasonable anticipation, and passengers other than the plaintiff were not affected.