Zager, Appellant, *v.* Pittsburgh Railways Company.

Argued October 4, 1960. Before JONES, C. J., MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Samuel J. Goldstein,* for appellants.

*Leo Daniels,* with him *Prichard, Lawler & Geltz,* for appellee.

OPINION BY MR. JUSTICE EAGEN, November 15, 1960:
This is an appeal from the refusal of the lower court to remove a compulsory nonsuit, and judgment entered after said refusal, in an action, wherein the minor plaintiff sued to recover for personal injuries allegedly suffered while she was a passenger in one of the defendant company's trolley cars. Her testimony was as follows: She boarded a westbound trolley car at the intersection of Fifth Avenue and Evans Street in the City of McKeesport. The trolley started in

motion and she stood, preparatory to paying her fare, holding onto the fare box with her left hand and reaching into a shoulder bag for her change purse with her right hand. She paid her fare midway in the block at which time the trolley was going "pretty fast." When the trolley reached a point approximately sixty to seventy-five feet beyond the next regular stop at Fifth Avenue and White Street, and was about one-third of the distance into that intersection, the operator of the trolley suddenly slammed on the brakes bringing the car to a dead stop. (The distance between Evans Street and White Street is approximately five hundred and twenty feet). A pedestrian, who had been running for the trolley, came aboard. As the trolley came to a stop, the minor plaintiff's hand was jerked loose from the fare box and her head and the upper portion of her body were thrown forward about a foot or a foot and one-half, her head striking a metal "no smoking" sign located above the windshield or front view window. The stop did not cause her feet to move. Her shoulder purse did not leave her arm. The motorman was not aware of the bump, and she left the trolley, later on, at her destination without informing him of it. There were other passengers in the trolley at the time but no evidence was offered to show any effect upon them as a result of the stopping. There were a number of vacant seats in the front portion of the trolley and hand holds available in the immediate vicinity where the fare box was located. Following the incident, she took a seat in the rear of the trolley.

The entry of the compulsory nonsuit was clearly correct. The testimony viewed in the light most favorable to plaintiff's cause is devoid of proof of negligence in the operation of the trolley. The circumstances do not show such an unusual and extraordinary stopping as would give rise to any presumption of negligence on

the part of the defendant's employee. Proof that a trolley car in motion suddenly jerks or stops is insufficient in itself to establish negligent operation. The testimony must show, inter alia, that the movement of the trolley was so unusual and extraordinary as to be beyond the reasonable anticipation of the passengers thereon. The testimony in this case fails in this vital respect: *Smith v. Pitts. Rys. Co.*, 314 Pa. 541, 171 Atl. 879 (1934); *Herholtz v. West Penn Rys. Co.*, 362 Pa. 501, 66 A. 2d 839 (1949); *Endicott v. Phila. Rapid Transit Co.*, 318 Pa. 12, 177 Atl. 17 (1935); *Cocivera v. Phila. Transportation Co.*, 190 Pa. Superior Ct. 50, 152 A. 2d 272 (1959); *Miller v. Pittsburgh Rwys. Co.*, 187 Pa. Superior Ct. 334, 144 A. 2d 514 (1958); *Bollar vs. Pgh. Railways Co.*, 153 Pa. Superior Ct. 199, 33 A. 2d 261 (1943).

Judgment affirmed.

Mr. Justice MUSMANNO dissents.