Christensen, Appellant, *v.* Philadelphia
Transportation Company.

Argued September 14, 1959. Before RHODES, P. J.,
GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS,
JJ. (HIRT, J., absent).

*Harry R. Mayer,* for appellant.

*Albert R. Subers,* for appellee.

OPINION BY WRIGHT, J., November 11, 1959:

On May 1, 1957, Otto Christensen sustained in-
juries while a passenger on a bus of the Philadelphia

Transportation Company. He instituted a trespass action which resulted in a verdict in his favor. The court below granted defendant's motion for judgment n.o.v. This appeal followed.

The record discloses that the bus was northbound on Broad Street and, when appellant boarded it, was stopped at the southeast corner of Broad and Walnut Streets. From that position the bus started forward with what appellant termed "a violent surge". Appellant testified that he was walking toward the rear of the bus to find a seat, and that the movement of the bus threw him to the floor. While appellant's testimony was contradicted by that of the bus driver, we must view the evidence in the light most advantageous to the party who has the verdict: *Richardson v. Wilkes-Barre Transit Co.*, 172 Pa. Superior Ct. 636, 95 A. 2d 365. There was no collision between the bus and any other vehicle, and there was no testimony that passengers other than appellant were disturbed or affected by the movement of the bus.

We have reviewed the legal principles which govern actions of this type in two recent cases. See *Angelo v. Pittsburgh Rwys. Co.*, 189 Pa. Superior Ct. 574, 151 A. 2d 867, and *Cocivera v. Phila. Transportation Co.*, 190 Pa. Superior Ct. 50, 152 A. 2d 272. In the *Angelo* case it was conceded that the bus had made a violent and unusual stop, affecting not only the plaintiff but other passengers as well. We held that the evidence was sufficient to raise a presumption of negligence. In the *Cocivera* case the movement of the bus was not so unusual and extraordinary as to be beyond reasonable anticipation, and passengers other than the plaintiff were not affected. We approved the entry of a compulsory nonsuit.

The factual situation in the case at bar is similar to that in the *Cocivera* case, rather than to that in the

*Angelo* case. Appellant's testimony as to the happening of the accident and its effect upon him is entirely consistent with a mere loss of equilibrium brought about by a movement of the bus of the type he was bound to anticipate and guard against. Cf. *Hufnagel v. Pittsburgh Rwys. Co.,* 345 Pa. 566, 29 A. 2d 4. The evidence clearly falls short of the standard required to establish negligence in cases of this character. It was therefore proper for the lower court to enter judgment n.o.v. for the defendant.

Judgment affirmed.