## Musser *v.* Shenk, Appellant.

472

Argued March 21, 1960. Before Rhodes, P. J., Gunther, Wright, Woodside, Ervin, Watkins, and Montgomery, JJ.

*William C. Storb,* with him *Stein, Storb and Mann,* for appellant.

*W. Hensel Brown,* with him *Brown & Zimmerman,* for appellee.

Opinion by Gunther, J., June 15, 1960:

This appeal is from the refusal of motions for judgment n.o.v. and for a new trial in a trespass action brought to recover damages for fraudulent misrepresentation involved in the purchase of a certain piece of real estate.

On July 21, 1957, appellees, Elias C. Musser and Elizabeth T. Musser, his wife, purchased from appellant, Lee M. Shenk, a home in West Lampeter Township, Lancaster County, for the sum of $15,300.00. The source of water supply for this home came from a well which the vendor had drilled during the course of construction of the property.

Previous to the sale of this property, during the month of June, 1957, appellees contacted appellant and

discussed various features of the home. They specifically asked about the water supply and its adequacy to meet their household requirements. Appellant informed appellees that the water supply would meet their normal family use and that the well would supply a sufficient amount of water for cooking, drinking, bathing and laundry purposes. Again on June 21, 1957, appellees raised the question of an adequate water supply for their family use, informing appellant that the family consisted of four members, and again appellant represented that the well would supply a sufficient amount of water to meet normal family use but that the water would be insufficient to take care of extended lawn sprinkling or car washes. Based upon such representations, appellees entered into a sales agreement for the purchase of the home and subsequently consummated the sale.

Appellees moved into the new home on July 27, 1957 and discovered, after using a small amount of water for cleaning up the cellar, letting water for two baths, and washing up the evening dishes, that no further water was available. The next day a plumber was called out to ascertain the cause for the lack of water, and at that time it was ascertained that the well had gone dry. Appellant was present on this occasion and when he was asked what was going to be done about this situation, he informed appellees that this was their problem.

Appellant persisted in his refusal to accept responsibility for the lack of water and a suit for damages was filed in June, 1958. After trial, the jury returned a verdict in favor of the appellees for $1,250.00. Motions for judgment n.o.v. and for a new trial were refused.

The verdict of the jury having been rendered in favor of the complaining party, the sole issue on this

appeal is whether either judgment n.o.v. or a new trial should have been granted in this case.

Where the jury has found for plaintiff, under proper instructions from the trial court, the appellate court is required to read the record in the light most favorable to plaintiff, and judgment n.o.v. should be entered only if reasonable minds cannot differ as to the validity of the defendant's position. *Aquino v. Bulletin Co.,* 190 Pa. Superior Ct. 528, 154 A. 2d 422; *Christensen v. Philadelphia Transportation Co.,* 191 Pa. Superior Ct. 28, 155 A. 2d 400; *Yorston v. Pennell,* 397 Pa. 28, 153 A. 2d 255. A review of the evidence discloses that there was sufficient evidence to warrant the jury's verdict. Appellees testified that when they questioned appellant in regard to an adequate water supply, they were informed and appellant represented that they wouldn't have to worry about it, that they had full water supply to take care of the full facilities of the house. William C. Myers, a professional well-digger testified that when the well in question was drilled down to a depth of 140 feet, appellant told him to stop drilling deeper although he knew that the well produced a half gallon of water per minute. Appellant stated that such a flow would be sufficient to supply a home. The evidence further disclosed that appellees had no experience with rural houses and water supplies since they had always lived in the city. They had to rely on the representations of appellant. Even appellant admitted that the water problem came up several times: "Q. One of their main concerns when they were dealing with you to buy the house was the water supply wasn't it? A. They asked about that practically every time. Q. They asked about that as much as they did the construction of the property and about sewage and any other important features of the house, didn't they? A. I would say they rather pushed the

water issue rather hard. Q. That's exactly right. And did you ever tell them that all the supply they had was a half gallon a minute? A. No, sir."

Appellant contends that appellees failed to prove fraud on his part and that the court below should have affirmed his point for binding instruction. He contends that the evidence showed that the well failed because of the heavy drought. However, the evidence disclosed that appellees did get a well drilled with sufficient water supply at or about the time the well in question went dry. Even in the absence of fraud, we believe the misrepresentation here made to be actionable. Had appellees known about the actual flow of water per minute, it is unlikely that they would have entered into the agreement to purchase. We believe this information withheld was material and, in view of the representation made, appellees were entitled to rely on the fact that the well would produce water necessary for normal family use. Appellant either knew his representations were false or knew that he did not possess enough information on which to make the representations. He knew that appellees were looking for a full disclosure of facts and he withheld the vital fact which could have disclosed immediately the poor source of water supply even under the best of conditions. Fraud arises where the misrepresentation is knowingly false, where there is an intentional concealment calculated to deceive. *DeJoseph v. Zambelli*, 392 Pa. 24, 139 A. 2d 644; Restatement, Contracts, sections 470, 471, 476.

There are no trial errors alleged. Only a general exception was taken to the charge. However, appellant contends that the verdict was against the weight of the evidence. In considering this contention, we must consider all of the evidence and assess its weight to determine whether the court below abused its dis-

cretion in refusing a new trial. *Jemison v. Pfeifer*, 397 Pa. 81, 152 A. 2d 697. While some of the evidence was conflicting, this does not entitle one to a new trial. Such evidence only creates doubt which must be resolved by the jury. Our review of the evidence discloses no abuse of discretion and we agree with the court below that the weight of the evidence did not so preponderate in favor of the appellant so as to require that the verdict of the jury be set aside. See *Seidel v. Borough of Yeadon*, 191 Pa. Superior Ct. 45, 155 A. 2d 370.

Judgment is affirmed.