### Richardson v. Walsh

The facts appear from the following excerpts from the adjudication of

SWENEY, P. J., November 17, 1960.—The Condons, owners of premises no. 124 Westwood Park Drive, Havertown, Delaware County, and under Army orders to move to another post, employed Mullen & Walsh, realtors to sell their property. Said realtors inserted the following advertisement in the newspapers:

"Manoa                                      Westwood Park
LIKE A BUNGALOW
1st. flr. bedrm. & Pwdr. rm. 3 other lge.
bedrms & tile bath on 2d flor. A mod.
brick single in A-1 cond. A double size
lot adjoins Llanerch Golf Club. Your
inspection invited, $16,950.
MULLIN & WALSH, HILLTOP 6-1017".

Plaintiffs were house hunting and saw this advertisement on July 3, 1953, telephoned the realtors to learn the exact location of the property, inspected same in company of Condon and then visited the realtors' office and talked with Walsh. On July 7, 1953, an agreement of sale was signed. Plaintiffs took pos-

session on August 21, 1953, and final settlement was made on August 25, 1953.

On November 29, 1953, the termite condition was discovered by Richardson and his father. In the bill filed, plaintiffs asked for rescission of the sale and return of purchase price, or, in the alternative. $1,-860 to reimburse for expenses and damages. As of September 30, 1959, there has been a change in status due to the agreement of plaintiffs to sell this property to a third party for a price $700 dollars less than they paid for it. This makes the question of rescission moot. The evidence shows that plaintiffs' damage aggregated $638.

Plaintiffs assert that they purchased the property under a material misrepresentation of fact that there were no termites in the residence and that it was fit for human habitation, whereas in actuality it was infested with termites and unsafe for human habitation. Plaintiffs also aver that defendants, through Raymond F. Walsh, their agent, falsely, fraudulently and deceitfully represented to plaintiffs as prospective purchasers that there were no termites and that the residence was safe for human occupancy, knowing the same to be untrue and false, which representations were made for the purpose of deceiving plaintiffs and inducing them to purchase the premises.

Plaintiffs rely on cases where relief has been granted to purchasers who relied upon a material misrepresentation of an existing fact: LaCourse v. Kiesel, 366 Pa. 385 (1951); Mooney v. Spector, 77 D. & C. 589. See also DeJoseph v. Zambelli, 11 D. & C. 2d 447, affirmed per curiam in 392 Pa. 24. The law is clear that when one is induced to enter into a transaction with another by means of a material misrepresentation or fraud, the innocent party may avoid the transaction. If there is an intentional concealment or a

misrepresentation knowingly made, the contract can be avoided, although the misrepresentation is not material. When, however, the misrepresentation is innocently made, it must be material, and the innocent party must have relied upon it.

In support of their position, plaintiffs produced testimony to the effect that they made specific inquiry of defendant, Raymond F. Walsh, concerning the structural quality of the house and he told them it was in excellent condition. They also assert reliance upon his firm's newspaper advertisement wherein the house was described as being in "A-1 condition." Many glowing claims are made for products and properties through the medium of advertisement, and it is common knowledge that the facts are often grossly exaggerated. While the newspaper advertisement was an overstatement of the true condition of the structure, it was a typical description of a property for sale, designed to attract potential buyers, and cannot be said to be a statement upon which plaintiffs could rely in closing their bargain. The followup statements by defendant Walsh must also be considered as mere sales talk in the absence of proof that he knew, or should have known, that the house was not structurally sound, and, further, in the absence of proof that plaintiffs closed their bargain in reliance of the statements allegedly made by defendant Walsh. It is plaintiffs' word against Walsh's word as to the subject matter of the conversation between them prior to the execution of the agreement of sale. A paragraph in the sales agreement which was negotiated on July 7, 1953, reads as follows:

"This agreement contains the whole agreement between the seller and buyer and there are no other terms, obligations, covenants, representations, statements or conditions, oral or otherwise, of any kind

whatsoever." Plaintiffs did not request a written provision be included in the agreement that the house was in "A-1 condition" or that it was free from termites, nor do they allege that such representations were omitted from the agreement of sale fraudulently, accidentally, or mistakenly. While plaintiffs assert they asked about termites when negotiating the purchase of the house, their testimony is flatly denied by defendant Walsh. He had gone through the house and it looked neat and clean to him, and he knew the builder who had erected the structure and he made certain representations based upon that knowledge. In view of other testimony in this record, it is doubtful whether Walsh or any other real estate agent would have found a termite condition in this residence without a very careful scrutiny of the basement, in the absence of information from the owner. Defendants Condon disclaimed any knowledge of the termite infestation. Their testimony was not contradicted.

Plaintiffs offered testimony of the manager of the Boohar Extermination Company, who had examined the premises on March 4, 1954, and performed services there. He testified that it was their conclusion that the termites had been in the main joists of this house for two or three years. He also testified that the average householder would have known of the existence of termites in that property. On cross-examination he agreed that these termites could have been in the cellar and that, unless the cellar was checked, a home owner might not know of their existence for three, four or five years, if the termites did not swarm out in the spring in a place visible to the owner.

After a careful review of all the testimony presented, the chancellor concludes that plaintiffs have failed to sustain their burden of proof and are not entitled to equitable relief. The testimony offered discloses an innocent misrepresentation of a material

fact but plaintiffs have not proved that they relied upon this misrepresentation. The oral testimony fails to overcome the terms of the written agreement, wherein it is recited that the agreement represents the entire contract between the parties. . . .

*Butler, Beatty, Greer & Johnson* and *Joseph R. Young,* for plaintiffs.

*Lindenmuth & Class* and *George S. Sauliner,* for defendants.

## Opinion Sur Exceptions

SWENEY, P. J., November 17, 1960.—Plaintiffs have filed exceptions to the discussion of the chancellor, conclusions of law and decree nisi. This action in equity arises from the purchase by plaintiffs of premises no. 124 Westwood Park Drive, Haverford Township, this county, depending upon an advertisement asserting the house was in "A-1 condition" and assurances by Raymond F. Walsh, realtor that the house was in excellent structural condition. The agreement of sale, dated July 7, 1953, did not contain any stipulation as to the condition of the property; final settlement was made August 25, 1953, after plaintiffs had taken possession of the property; on November 29, 1953, plaintiffs discovered termites in the first floor joists. The complaint asks for rescission of the sale and return of purchase price or in the alternative damages in the sum of $1,860. Plaintiffs have sold the property for a price which is $700 less than they paid for the property.

Plaintiffs first exception is to certain portions of the chancellor's discussion. It has long been the law that the chancellor's discussion is not subject to exception. However, after carefully reading the testimony, it must be said that in the negotiations between the parties, prior to sale, there was no talk about termites. Plaintiffs base their case upon an advertise-

ment in the newspapers that the house was in "A-1 condition" and alleged representations made by the realtor that the house was "structurally sound." The termites came into the picture much later when they were discovered by plaintiffs in the joists. It is because of this condition of termites that plaintiffs are now charging that "A-1 condition" and the house being "structurally sound" as alleged by Walsh were material misrepresentations, which should afford relief for them.

But, the chancellor finds that there were no fraudulent misrepresentations, that there was no proof that plaintiffs relied upon the representations made and that plaintiffs had failed to prove misrepresentations by clear, precise and indubitable testimony, in the face of a clause in the agreement of sale, asserting that the agreement contains all of the terms and conditions between the parties. . . .

In their brief, plaintiffs offer certain cases as support for their position that they are entitled to damages. We have read these cases and are of the opinion that they are distinguishable from the case at bar.

In Pennsylvania Turnpike Commission v. Smith, 350 Pa. 355, the basis of the court's opinion was that the contractor had been misled by inaccurate descriptions of subsurface material in the plans and specifications. Clearly, this was a material misrepresentation. In LaCourse v. Kiesel, 366 Pa. 385, the court held that owners of real estate were chargeable with knowledge of zoning restrictions and that there was responsibility on the part of owners who misrepresented such facts. In Wolf v. Christman, 202 Pa. 475, the owner made an affirmative misrepresentation of the depth of the lot. In Musser v. Shenk 192 Pa. Superior Ct. 471, plaintiff inquired specifically about the water supply and was assured that the supply was adequate, although defendant knew it was not. This

was "an intentional concealment calculated to deceive." It is apparent to us that these cases do not control the instant case.

Therefore, adopting the chancellor's findings of fact and conclusions of law as our own, we enter the following

### Final Decree

And now, November 17, 1960, it is ordered and decreed that:

1. The exceptions herein filed by plaintiffs be, and they are hereby, dismissed;

2. The complaint in equity, herein filed, by plaintiffs, Albert S. Richardson, Jr., and Emily M. Richardson, his wife, against Raymond F. Walsh, individually and as agent for Jack C. Condon and Geraldine M. Condon, his wife, and Jack G. Condon and Geraldine M. Condon, his wife, individually, be, and the same is hereby, dismissed;

3. Each of the parties shall pay their own costs;

4. An exception is allowed plaintiffs.