Commonwealth, Appellant, *v.* Anderson.

Commonwealth *v.* Anderson, Appellant.

Argued June 16, 1975. Before WATKINS, P. J., JACOBS, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ. (HOFFMAN, J., absent).

*Carolyn Engel Temin,* Assistant District Attorney, with her *Steven H. Goldblatt,* Assistant District Attorney, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellant at No. 756, and appellee at No. 398.

*Anthony D. Pirillo, Jr.,* for appellant at No. 398, and appellee at No. 756.

OPINION BY WATKINS, P. J., December 1, 1975:

This is an appeal by the Commonwealth from the order of the Court of Common Pleas of Philadelphia County, Criminal Division, sustaining a motion in arrest of judgment in favor of the defendant-appellee, Harvey Anderson, a lawyer, after his conviction of the charge of uttering a forged instrument.

The appellee was charged with interfering with the performance of the duties of poll watchers, conspiracy to interfere with an election, conspiracy, forgery, and uttering a forged instrument. Demurrers to the evidence were

sustained by the court below to all charges save that of uttering a forged instrument.

The Constitutional Party had obtained certification for its poll watchers according to law. Certification was also obtained for bogus poll watchers for the Constitutional Party by use of forged party letterheads. These illegal poll watchers stationed themselves at the polls and prevented the legitimate watchers access to the polls to perform their duties. The Constitutional Party took the necessary action to revoke the bogus certificates and it was then that the appellee presented the petition to Judge LATRONE of the Court of Common Pleas below containing the affidavits of Simone Greene and Sam Wooten seeking an injunction to restrain the Constitutional Party watchers from exercising their duties. The court issued the injunction. In obtaining this injunction the appellee bypassed the Philadelphia Election Court.

At the trial, Sam Wooten, one of the affiants, testified that he had never signed nor had knowledge of the petition which the appellee presented to Judge LATRONE. Anderson did not take the stand but presented a long list of character witnesses as to his excellent personal and professional reputation. The jury returned a verdict of guilty of uttering a forged instrument. The jury evidently inferred from the circumstantial evidence that the appellee had actual knowledge that the instrument was a forgery and thus intended to utter the same.

The court below sustained the appellee's motion for arrest of judgment on the ground that the evidence was insufficient to sustain the guilty verdict. The court did sustain demurrers to all other charges and in his opinion concerning the instant case the court below stated: "Out of an abundance of caution, the Court did not sustain the demurrer to uttering fraudulent instruments. . . ." He further stated:

"A review of the record in this case convinces us that the evidence against the defendant was inade-

quate to sustain his conviction. Although the evidence supports a finding that one of the affidavits attached to the Complaint in Equity filed in court by the defendant was forged, there is no direct evidence that the defendant knew it was forged, nor is there any circumstantial evidence from which his guilty knowledge could be inferred."

The evidence presented at trial was that a petition for an injunction was presented to the court bearing two affidavits which were notarized and sealed; one of which was signed by someone other than the affiant and to which the appellee signed his name as attorney.

Actual knowledge that the instrument uttered was a forgery has long been a prerequisite to a finding of guilty of uttering a forged instrument. *Commonwealth v. Gipe,* 169 Pa. Superior Ct. 623, 84 A.2d 366 (1951). When one relies on circumstantial evidence to prove guilt, the evidence must be devoid of any indication of innocence. As we said in *Commonwealth v. Donald,* 192 Pa. Superior Ct. 276, 282, 161 A.2d 915, 918 (1960): "When a party on whom rests the burden of proof in either a criminal or civil case, offers evidence consistent with two opposing propositions, he proves neither."

As a practical matter in the hurley-burley atmosphere of election day court matters, where haste is the rule and time of the essence in matters concerning the denial of the right of a citizen to vote or to assistance or for the restoration of a name on the registration list as well as a myriad of other matters, including the instant case, before an election court or a Judge to hear election matters, lawyers representing political parties, as well as individual electors, are handed numerous petitions containing signatures and affidavits and although we do not condone the negligence of counsel in failing to verify the signatures, we recognize the reason for such failure as a matter of common sense, and can find in this record no evidence of actual knowledge that the name of the affiant was forged so as to constitute the commission of a crime.

The order arresting judgment is affirmed and defendant is discharged. The appeal of the defendant from the refusal of the court below to quash the indictments is also before us and is now moot and so requires no discussion or opinion.

HOFFMAN, J., did not participate in the consideration or decision of this case.