**Robin BOST–PEARSON, Appellant**

**v.**

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 4, 2015.

Decided June 5, 2015.

Marc I. Simon, Philadelphia, for appellant.

Kristin S. Mutzig, Philadelphia, for appellee.

BEFORE: BERNARD L. McGINLEY, Judge, BONNIE BRIGANCE LEADBETTER, Judge, PATRICIA A. McCULLOUGH, Judge.

OPINION BY Judge BONNIE BRIGANCE LEADBETTER..

Robin Bost–Pearson appeals from an order of the Court of Common Pleas of Philadelphia County that granted the motion for summary judgment of the Southeastern Pennsylvania Transportation Authority (SEPTA) based on her failure to satisfy the "jerk and jolt" doctrine, which provides as follows:

> [T]estimony indicating that a moving trolley car jerked suddenly or violently is not sufficient, of itself, to establish negligence in its operation. There must be a showing of additional facts and circumstances from which it clearly appears that the movement of the car was so unusual and extraordinary as to be beyond a passenger's reasonable anticipation, and nothing short of evidence that the allegedly unusual movement had an extraordinarily disturbing effect upon other passengers, or evidence of an accident, the manner of the occurrence of which or the effect of which upon the injured person inherently establishes the unusual character of the jolt or jerk, will suffice.

*Connolly v. Phila. Transp. Co.,* 420 Pa. 280, 283, 216 A.2d. 60, 64 (1966) [quoting *Staller v. Phila. Rapid Transit Co.,* 339 Pa. 100, 103, 14 A.2d 289, 291 (1940) ]. We affirm.

In February 2013, Bost–Pearson and her then two-year-old granddaughter boarded a SEPTA bus at the intersection of 57th Street and Lebanon Avenue and found front-facing seats approximately six rows behind the driver. Bost–Pearson occupied the aisle seat and her granddaughter sat next to her by the window. Bost–Pearson alleged that, "[s]uddenly and without warning, the ... SEPTA bus driver, negligently, carelessly operated its motor vehicle in such a manner so as to suddenly jerk and jolt, quickly accelerating, causing [her] to fall, and to be thrown about the bus...." July 3, 2013 Complaint, ¶ 4; Reproduced Record (R.R.) at 12a. She averred that she suffered serious injuries as a result.

At her deposition, Bost–Pearson testified that she was thrown out of her seat and suffered a fall near the intersection of 56th and Vine Streets when, in order to avoid hitting prospective passengers waiting at the edge of the bus stop, the driver first turned quickly to the left and then quickly to the right, causing her to fall out of her seat and hit the floor with the right side of her body. Bost–Pearson's December 18, 2013 Deposition at 33; R.R. at 40a. She testified that the driver "went past the green light, but he just was too close to the people. So instead of hitting them, he made that quick left, but he was accelerating the gas and he went to the right and

that's when I got thrown out of my seat, 300 pounds hitting the ground." *Id.* at 38; R.R. at 41a. Bost–Pearson testified that she did not recall whether any other passengers were affected, that she did not hear any commotion or comments from them and that her granddaughter remained seated throughout. *Id.* at 49–50; R.R. at 44a.

After her fall, Bost–Pearson testified that two passengers helped her up and that she remained standing until she got off at 56th and Walnut Streets with her granddaughter. *Id.* at 50–51; R.R. at 44a. She stated that she asked the driver for an incident report, but that he said that he was not carrying any. She then noted the time on her watch and wrote down the bus number. *Id.* at 52–54; R.R. at 44–45a. The next day, she went to the emergency room for treatment of her injuries and contacted SEPTA's claims department, which sent her a form to fill out. Subsequently, based on his January 20, 2014 examination of Bost–Pearson, her history, a review of her medical records and her treatment therapy records, orthopedist Dr. Mark Avart concluded that her torn rotator cuff and spinal injuries were causally related to the February 2013 incident. Dr. Avart's January 20, 2014 Letter at 1–2; R.R. at 69–70a.

Following discovery and Bost–Pearson's deposition, SEPTA filed a motion for summary judgment therein alleging that there were no issues of material fact and that she failed to establish any facts which clearly showed that the bus's movement was so unusual and extraordinary so as to defeat the "jerk and jolt" doctrine. In that regard, SEPTA pointed to her testimony that the bus was full and that no other passengers said anything, shouted out or screamed in the moments before, during or after the alleged incident. Further, SEPTA noted her testimony that her grandchild, seated next to her, did not move at all. In addition, SEPTA noted that she did not request any medical attention at the time and continued on to her destination. Moreover, SEPTA alleged that no other passengers on bus # 5484 that day complained, were thrown to the ground or subsequently filed claims. In that regard, SEPTA alleged that the driver had no recollection of the incident and that no passengers fell on his bus on the day in question. In summary, SEPTA alleged that Bost–Pearson's testimony established nothing more than evidence that the bus's movement was merely an acceleration and not unusual or extraordinary.

Common pleas granted SEPTA's summary judgment motion, concluding that, even viewing the evidence in a light most favorable to Bost–Pearson, "the character of the movement of the bus does not appear to be beyond the reasonable anticipation of passengers on a SEPTA bus." Common Pleas' Opinion at 9. Bost–Pearson's appeal to this Court followed.[1]

■ Absent an extraordinarily disturbing effect on other passengers, Bost–Pearson is proceeding under the second prong

---

1. The entry of summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Marks v. Tasman*, 527 Pa. 132, 134–35, 589 A.2d 205, 206 (1991). It may be granted only in cases where the right is clear and free from doubt. *Id.* The moving party has the burden of establishing the nonexistence of any genuine issue of material fact. *Id.* In addition, the record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Id.* Our review of an order granting summary judgment involves only an issue of law. Hence, our review is plenary.

of the "jerk and jolt" analysis: "the manner of the occurrence of an accident or the effect of which upon the plaintiff inherently establishes the unusual character of the jolt or jerk." *Meussner v. Port Auth. of Allegheny County,* 745 A.2d 719, 721 (Pa. Cmwlth.2000).[2] Specifically, she contends that she established a genuine issue for trial via her SEPTA claims form indicating that the "abrupt" nature of the driver's actions caused her to fall out of her seat and that, a seated passenger becoming unseated, by itself, established the unusual and extraordinary nature of the bus's movement. She distinguishes "standing passenger" cases such as *Martin v. Southeastern Pennsylvania Transportation Authority,* 52 A.3d 385 (Pa. Cmwlth.2012), *Asbury v. Port Authority of Allegheny County,* 863 A.2d 84 (Pa. Cmwlth.2004), and *Meussner,* where the "jerk and jolt" doctrine was not satisfied. Additionally, she cites the severity of her injuries and Dr. Avart's unequivocal report that they were directly and causally related to the incident.

▮ Regarding the "abrupt" nature of the driver's actions, it is well established that descriptive language such as "sudden jerk," "unusual jerk," and "it threw me violently on the floor," is insufficient, in and of itself, to sustain a finding of negligence. *McClusky v. Shenango Valley Traction Co.,* 105 Pa.Super. 275, 278, 161 A. 424, 425 (1932). As the court subsequently observed: "[I]f every person thrown and injured in a street car could recover damages on proof merely that he was *'violently'* thrown, the resulting burden on the carrier would be unbearable." *Watson v. Pittsburgh Rys, Co.,* 183 Pa.Super. 473, 475, 132 A.2d 718, 719 (1957) (emphasis added). Accordingly, without

more, descriptive language such as "abrupt" is not sufficient proof of negligence. *Francis v. Se. Pa. Transp. Auth.,* (Pa.Cmwlth., No. 825 C.D.2009, filed December 16, 2009), slip op. at 6–7. We turn next to Bost–Pearson's status as a seated passenger.

In rejecting Bost–Pearson's argument that being seated was sufficient to show that the "manner of the occurrence" of the incident established the unusual character of the jolt or jerk, common pleas observed that being seated is not a dispositive factor. Although Bost–Pearson is not proceeding under the first prong of the "jerk and jolt" analysis, that a jerk had an extraordinarily disturbing effect on other passengers, courts considered that factor in so-called "seated" passenger cases. In *Cocivera v. Philadelphia Transportation Company,* 190 Pa.Super. 50, 152 A.2d 272 (1959), for example, the court affirmed the nonsuit entered on behalf of the defendant where the seated passenger was injured as a result of a bus's abrupt movement, but was unable to establish that anything happened to other passengers or that the movement of bus was so unusual as to be beyond a passenger's reasonable anticipation. In contrast, in *Watson,* 132 A.2d at 719–20, where there was proof of the effect of the jerk on at least one other seated passenger and evidence of speed, the court concluded that a question for the jury was raised.

Here, Bost–Pearson presented no evidence that other passengers, seated or unseated, were affected. In addition, regarding her reasonable anticipation as a seated passenger, common pleas reasoned as follows:

> [A]lthough seated, [Bost–Pearson] anticipated the stop where SEPTA's driver made the abrupt movements. She knew that the bus would be coming to a stop at the intersection of 56th Street and

---

**2.** In *Meussner,* we clarified that the accident requirement does not mean that the vehicle itself must have been involved in an accident,

but that the plaintiff must have suffered an injury. 745 A.2d at 722–23.

Vine Street. Also, [she] testified that she saw people waiting for the bus who were standing too close to the curb.... Given these facts, it would be reasonable to anticipate that the bus would have to make movements to avoid striking the people standing at the bus stop.

Common Pleas' Opinion at 7.

Moreover, common pleas rejected Bost–Pearson's argument that the incident's "effect on her," as evidenced by the severity of her injuries and Dr. Avart's report, established the unusual character of the jolt or jerk. With regard to the severity of her injuries, the court reasoned that evidence of injury is not determinative of underlying liability and that the nature and extent of injuries does not establish the mechanics of the incident. In support, the court cited *Asbury.*

In *Asbury,* the pregnant plaintiff fell after boarding a bus when the driver accelerated away from the bus stop before she sat down. Common pleas entered a nonsuit despite the fact that, before reaching her seat, she fell hard enough to shatter her femur. In affirming, this Court agreed that, even given the severity of Asbury's injuries, an inference could not be made that the jolt of the bus was so unusual or extraordinary as to be beyond a passenger's reasonable anticipation. Specifically, we held as follows:

> The mere location, type and extent of the injury is not sufficient evidence upon which to reconstruct the physical events of the [incident]. *Such reconstruction must precede the solicitation of opinion evidence from a doctor that the injury was the result of a sudden or violent jerk or jolt so unusual and extraordinary as to be beyond a passenger's reasonable expectation.*

863 A.2d at 90 (emphasis added).

Finally, common pleas determined that Dr. Avart's report, indicating that Bost-Pearson's injuries were directly and causally related to the February incident, was insufficient to demonstrate the unusual and extraordinary nature of the bus's movement. The court noted that, although he stated that Bost–Pearson suffered injuries as a result of the incident, he did not state that the bus's movement was unusual or extraordinary. Instead, he merely described the mechanics of the incident as follows: "the bus swerved to avoid hitting something and the patient was thrown out of her seat and jammed and injured her shoulder." Common Pleas' Opinion at 8–9. Accordingly, common pleas concluded that, like the expert in *Asbury,* Dr. Avart in the instant case would be unable to state that the bus's movement was unusual or extraordinary. We agree. A bus's swerving to avoid pedestrians is in no way unusual in a busy city, and certainly not beyond a passenger's reasonable expectation.

Accordingly, even viewing the evidence in a light most favorable to Bost–Pearson, she failed to offer evidence sufficient to overcome the "jerk and jolt" doctrine. As we have observed, the "jerk and jolt" test is difficult to meet. *Martin,* 52 A.3d at 390. For the reasons above, therefore, we affirm.

### ORDER

AND NOW, this 5th day of June, 2015, the order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.